UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS LEE TURNER, | No. C 06-6239 JSW (PR) |
| Petitioner, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND AND INSTRUCTIONS TO THE CLERK** |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | (Docket no. 2) |
| Respondent. | |

Petitioner, currently incarcerated at Calpatria State Prison located in Calpatria, California, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, it is unclear from the petition whether Petitioner is seeking information on an earlier federal habeas petition, whose number he has identified as 3:92-cv-00541 BAC, or whether he currently seeks habeas relief. Petitioner's motion to proceed *in forma pauperis* is GRANTED (docket no. 2). The petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. Because the Court cannot discern the nature of the relief requested, the petition is dismissed with leave to amend within thirty days.

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28

1

U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.  Petitioner's Claims

The petition identifies two separate claims. However, the petition has a critical defect: it does not clearly state the nature of the relief sought. The petition in the instant case was filed with a case number for an earlier habeas case filed by Petitioner that was closed approximately thirteen years ago. That case, docket no. 3:92-cv-00541 BAC was denied on the merits in an order dated July 5, 1994. In the body of the petition, Petitioner identifies that he is no longer in custody on the case filed under that docket number. However, in the claims section of the petition form, Petitioner lists several claims, one of which states "[t]he courts did not notify me on the results of my appeal. . .I parole [sic] in June of 1994 and still did not receive a response." Claim two also states a claim, discussing the use of a prior from another state to enhance Petitioner's sentence.

It is unclear from the petition whether Petitioner is merely seeking information, specifically, whether his 1992 petition was ever adjudicated by this Court on the merits and whether he wishes to receive a copy of that dismissal. In the alternative, this Court is unable to discern whether Petitioner currently seeks habeas relief with regard to this or another conviction. Therefore, Petitioner's petition must be dismissed for failure to state a cognizable claim for federal habeas relief. He will be given leave to amend to cure this defect.

**CONCLUSION**

For the foregoing reasons and for good cause shown, this action is dismissed with leave to file an amended petition within *thirty days* of the date of this order. If Petitioner

seeks habeas relief, the amended petition must contain the caption and civil case number used in this order, Case No. C-06-6239 JSW (PR) and the words AMENDED PETITION on the first page. Failure to file an amended petition by the deadline will result in dismissal of this action.

In the alternative, if Petitioner is instead seeking copies of his prior case or information on that matter, Petitioner must complete the Court's request for copies form and return it to the Clerk's office with payment. In that event, Petitioner need not file an amended petition, and may instead obtain information or copies from the Clerk's office.

It is Petitioner's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with any orders of the Court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

The Clerk is directed to send Petitioner a copy of this Court's form for ordering copies and a copy of the docket sheet in Case No. 3:92-cv-00541 BAC.

IT IS SO ORDERED.

DATED: February 20, 2007

JEFFREY S. WHITE
United States District Judge