IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JULIUS LEE TURNER, | ) | No. C 06-6239 JSW (PR) |
| | ) | |
| Petitioner, | ) | **ORDER DISMISSING PETITION** |
| | ) | **FOR A WRIT OF HABEAS** |
| vs. | ) | **CORPUS** |
| | ) | |
| PEOPLE OF THE STATE OF | ) | |
| CALIFORNIA, | ) | |
| | ) | |
| Respondent. | ) | |

This is a petition for a writ of habeas corpus brought *pro se* by Petitioner pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner's earlier habeas petition was filed under Case No. 3:92-cv-00541 BAC (PR). That petition was denied on the merits by this Court on July 5, 1994.  Petitioner now files a separate habeas petition raising what appears to be the same claims as those raised in his earlier petition as well as claims against this Court for failing to inform Petitioner of the outcome of the earlier case and because he claims that his original petition was "never heard on the merits."

Although Petitioner attaches a docket sheet from the earlier habeas case provided to him by this Court in support of that proposition, he apparently misunderstands the docket entry regarding the decision, believing that the case was dismissed based on the denial of *in forma pauperis* status.  However, the docket sheet actually reflects that the case was decided on the merits, although it is unclear from the docket sheet alone the reasoning behind Judge Caulfield's grant of summary judgment on behalf of

Respondent.  The docket sheet also states that *in forma pauperis* status was denied simultaneously, but does not reflect that the petition was denied on that basis.  The docket sheet reflects that Respondent had earlier filed a response to the petition and that the Court ordered Respondent to address therein whether the petition was subject to procedural default based on whether the state court's denial of the petition was on adequate and independent state grounds.

Petitioner further alleges that he paroled in June of 1994 and when the district court decided the case, he was not notified of the decision.  The attached docket sheet lists an address for Petitioner at California State Prison-Solano and does not reflect a change of address form submitted by Petitioner upon his parole from prison, which may be the reason that Petitioner did not receive notification of the Court's decision.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law on April 24, 1996.  Under AEDPA, a district court must dismiss claims presented in a second or successive habeas petition challenging the same conviction and sentence that were raised in a previous petition.  *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999).  Additionally, a district court must dismiss any new claims raised in a successive petition unless the petitioner received an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).   Section 2244 applies when the first petition was denied on the grounds of procedural default.  *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir.2005) (denial of petition on procedural default grounds constitutes disposition on merits).

Here, the instant petition challenges the same conviction and sentence as the previous petition decided by this Court in 1994.  Petitioner has not presented an order from the court of appeals authorizing the Court to consider these claims.  Accordingly, the Court must dismiss the instant petition in its entirety.  Petitioner is free to seek such an order from the United States Court of Appeals for the Ninth Circuit.  *See*, 28 U.S.C. §

2

2244(b)(3)(A).

## CONCLUSION

For the forgoing reasons, the petition for writ of habeas corpus is DISMISSED as a second and successive petition.  The Clerk shall close the file and enter judgment in this matter.

IT IS SO ORDERED.

DATED:  May 21, 2007

_____
JEFFREY S. WHITE
United States District Judge

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JULIUS L. TURNER,

            Plaintiff,

   v.

PEOPLE OF STATE OF CA et al,

            Defendant.

_____/

Case Number: CV06-06239 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 21, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Julius Turner
E-49063
P.O. Box 5005
Calipatria, CA 92233

Dated: May 21, 2007

Richard W. Winking, Clerk
By: Jennifer Ottolini, Deputy Clerk